This is an appeal from a judgment which rejected the plaintiff's demand against the defendant for damages to his automobile, arising out of a collision between his car and that of the defendant, and which then awarded the plaintiff part of his claim on his reconventional demand. The damages amounted to $470 and were for the wreck of his car and for personal injuries *Page 384 
sustained by him in the loss of two teeth and the pain and suffering incidental thereto.
The plaintiff is a negro professor at Southern University at Scotlandville, north of Baton Rouge. The defendant is a negro preacher who is also employed at one of the industrial plants in north Baton Rouge. The accident happened after midnight, on the Scenic Highway leading north out of Baton Rouge, about a quarter of a mile north of the intersection of that highway with United States Highways Nos. 71-190. Plaintiff was traveling north and the defendant south. Each of course charges the other with negligence in driving his car which caused the accident. Plaintiff claims that his car was struck east of the center of the traveled portion of the highway and the defendant claims that it was his car that was struck by the plaintiff, west of such a line. The highway is black-topped and there is no stripe marking the center, but it seems to be agreed generally where the center is and undoubtedly from the physical facts and from markings found on the highway after the accident, the point of contact between the two cars was several inches west of the center of the traveled portion of the road.
The plaintiff was alone in his car and the defendant alone in his and therefore they were the only two eyewitnesses who testified concerning the accident. Plaintiff stresses the point that the defendant was trying to pass ahead of an automobile going south in front of his and that that was what caused him to leave his lane of travel and come over on to the east side of the traveled portion of the highway. The defendant emphatically denies that there was a car ahead of him and insists therefore that he could not have been attempting to pass it. In this he is corroborated by a disinterested witness who was three or four blocks away at the moment and who says he was in a position to see if there had been a car ahead of defendant's.
Two disinterested parties who were called the next morning to the scene of the accident testified positively that there were skid marks showing on the traveled portion of the highway beginning at a point about thirty feet southeast of the place where the impact apparently took place and going in a diagonal direction northwest. Besides, these witnesses say that from the point where the impact seems to have taken place, there were marks showing that plaintiff's car continued on in a northwesterly direction some twenty-seven to thirty steps, finally coming to rest in a ditch adjoining the shoulder of the highway. Unquestionably these physical facts testified to by these witnesses, and apparently not contradicted, corroborate the testimony of the defendant that it was the plaintiff's car which left its side of the highway and came over to his side and ran into him. The point of impact appears to be identified by the shattered glass and debris found on the highway east of the center. These were the findings of the trial judge and surely from our examination of the record, we do not find that he has committed manifest error. On the contrary, we think that his findings of fact are clearly correct and that the only judgment he could render was the one he did dismissing the plaintiff's suit and awarding the defendant judgment on his reconventional demand.
Counsel's contention that it was the defendant's car that ran into plaintiff's on the latter's side of the highway is based entirely on the physical damage done to each of the cars as shown in the photographs offered in evidence. We have carefully looked at these pictures and are unable to draw any conclusion from the damage which they reveal. We prefer to base our judgment on the physical facts we have discussed and from which we are led to believe that plaintiff's car side-swiped the defendant's all of which is further evidenced by the fact that plaintiff's car continued some eighty feet from the point of collision, whereas the defendant's car came almost to an abrupt stop. This fact also indicates that the plaintiff must have been driving at a fast rate of speed; at any rate, much faster than was the defendant and that he lost control of his car either because he was traveling too fast or because he was not keeping a proper lookout ahead.
For the reasons herein stated the judgment appealed from is affirmed. *Page 421